## Bailey *v.* O'Connor.

Pending an action in this State, founded on an account, the plaintiff filed an account containing all the items except one, in an action brought by the defendant in another jurisdiction, in which a judgment was rendered upon the merits ; *held,* that the proceeding and judgment in that jurisdiction constituted no impediment to his prosecuting the action here, as respects the item not adjudicated upon.

Bailey *v.* O'Connor.

ASSUMPSIT on an account annexed to the writ.

It was agreed by the parties in this case that after this suit was commenced, the defendant commenced a suit against the plaintiff in one of the courts of Vermont. The plaintiff filed, in offset to the suit in Vermont, all of the items embraced in this suit, excepting one for the sum of fifty cents, and succeeded in having a balance found in his favor in that suit. The plaintiff contended that he was entitled to judgment for said fifty cents, it being admitted that the amount had never been paid; but the defendant contended that the account could not be divided in that way, but should all have been filed in the Vermont suit.

It was moreover agreed that if this court should be of opinion that the suit was maintainable, judgment shall be entered for the plaintiff for said sum of fifty cents; otherwise that judgment be entered for the defendant.

*Fletcher & Heywood*, for the plaintiff.

*Cooper*, for the defendant.

WOODS, J. Each item in the plaintiff's account is a separate claim, and may be a separate cause of action in favor of the plaintiff against the defendant. He might have pursued remedies upon all or a part, at the same moment, in New Hampshire and in Vermont. The pendency of the action in one court does not oust the other of jurisdiction till the matter shall, in one of them, have passed into judgment. Such is the case with respect to all the items of the plaintiff's account except one. With respect to that one, he did not see fit to prosecute any suit in Vermont; no judgment has, of course, been rendered in that jurisdiction upon it, and there is no impediment to his pursuing his remedy here. We know of no practice which concludes either party upon the determination of an action founded on an account, or in which mutual accounts are filed and

Bailey *v.* O'Connor.

litigated, from commencing other actions against his adversary upon other accounts; and it is difficult to see upon what principle such a practice, if it exist any where, as is suggested, can rest. There must, therefore, according to the agreement, be

*Judgment for the plaintiff.*